FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV - 8 2004

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL J. FEGANS,
ADC #079097                                                              PLAINTIFF

v.                                    4:03CV00172HDY

LARRY NORRIS, et al.                                                     DEFENDANTS

## PROPOSED FINDINGS & RECOMMENDATION

### I. Introduction

This matter is before the Court on the plaintiff's motion for partial summary judgment (DE #104). Defendants have filed a response in opposition to the motion (DE #114).

Plaintiff is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging various constitutional and statutory violations. According to his Fourth Amended complaint (DE #83), plaintiff alleges: 1) the ADC hair/grooming policy violates his First Amendment right of free exercise of religious beliefs, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 28 U.S.C. § 2000cc; 2) defendants are violating plaintiff's First Amendment right of free exercise and RLUIPA by refusing to provide plaintiff with a kosher diet; and 3) defendants are violating plaintiff's Fourteenth Amendment rights by placing him in punitive isolation without an appropriate hearing. Plaintiff also asserts violations of the Arkansas Civil Rights Act and the Administrative Procedures Act, and asks for monetary and injunctive relief.

### II. Motion for Partial Summary Judgment

#### A. Plaintiff's Motion

In support of his motion for partial summary judgment on the kosher diet issue, plaintiff states that he is a member of the Yahwist faith, and that kosher meals should be provided to him in

1

conjunction with his beliefs. Plaintiff states that he has no access to kosher meals, despite the right established in Love v. Reed, 216 F.3d 682 (8th Cir. 2000). Plaintiff states that the Love case established the right to kosher meals, effective June 30, 1999, and that defendants failed to provide such until March 3, 2004. Plaintiff also states that he does not concede that the present kosher meals now offered are actually kosher. In conclusion, plaintiff states that he is entitled to relief based on defendants' refusal to provide him kosher meals between June, 1999 and March, 2004.

B. Defendants' Response

In response, defendants state that Love v. Reed, supra, was silent on the issue of kosher diets and states only that the ADC must accommodate sincerely held religious beliefs of the inmates. Defendants state that the Court in a subsequent case, Love v. McCown, 2:00cv00191, held that plaintiff was entitled to a kosher diet, but that such determination was not made until December, 2002. Furthermore, defendants note that after that determination, inmate Love was transferred to a facility equipped to provide him with kosher meals and that the ADC first had to educate itself on how to set up a kosher kitchen before it began providing such meals in March, 2004. Defendants state that plaintiff's claim for kosher meals has now been rendered moot by the establishment of kosher kitchens in three of the ADC Units.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party

cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D. Analysis

Initially, the Court notes that the right to a kosher diet was not an issue, and was not established in the first Love ruling, Love v. Reed, supra. Rather, that case concerned plaintiff's request to have peanut butter and jelly and bread provided to him so that he could prepare his Sunday meals for himself, and avoid conflicts with his religious beliefs concerning not having someone "work" on his behalf on the Sabbath by providing him his meals. The Court does agree, however, that the right to kosher meals was the subject of the second Love case, Love v. McCown, and that the Court ultimately determined Love's right to access to kosher meals in its December, 2002 Order. However, that case concerned one inmate and his particular religious beliefs, and resulted in a settlement with the inmate that he be transferred to an institution with kosher meal capabilities.

The Court disagrees that plaintiff is entitled to relief, as a matter of law, based on a denial of kosher meals from June 30, 1999 until March 3, 2004, when the ADC began providing kosher meals. According to defendants, plaintiff's earliest grievance requesting kosher meals was made in December, 2000, and as noted above, no judicial determination about kosher diets was provided until December, 2002. Therefore, the Court finds, based on the information provided thus far in this case, that the right to a kosher diet does not appear to have been clearly established within the ADC until December, 2002, at the earliest. The Court also finds that the present record is not complete concerning the requests made by plaintiff from December, 2002 until March, 2004, and also concerning the efforts taken by the ADC in attempting to provide kosher meals in that interim period. Therefore, the Court

3

finds a sufficient dispute of fact concerning the kosher diet issue in this case to render summary judgment improper. Accordingly,

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for partial summary judgment on the kosher diet issue (DE #104), be DENIED.

IT IS SO RECOMMENDED this 4 day of Nov., 2004.

_____
United States Magistrate Judge